My name is Sammie Lee Ford Jr. and this is in response to my 11.07 State Writ of Habeas Corpus Cr 22,296-B and CR 22-297-B that I filed with the 20th Judicial District Clerks office of Milam County Cameron, Ty At 102 South Fannin Ste 5, on November 10, 2015.

RECEIVED IN
COURT OF CRIMINAL APPEALS
DEC 21 2015
Abel Acosta, Clerk

On December 9, 2015 Abel Acosta, Clerk a Copy of the District Attorney's First Amended ~~Copy~~ Copy in Response to my writs.

On December 11, 2015 I received a Copy of the State Habeas Courts order ~~dated~~ December 7, 2015 ordering the the Clerk to transmit the State writs to the Texas Court of Criminal Appeals. I dont Know the Texas Court of Criminal Appeals process, but normally, if A Petitioner/Applicant or Attorney for the State does not rebutt one anothers ~~arguements~~ allegations they may become true because they were unchallenged.

If this be the case, I'm ~~~~ notifying the Appeal Courts that I did and do want to challenge ~~~~ and rebutt the State's allegations which is why I'm letting the Courts Know of the dates above to show I did not have a chance to rebutt anything. My reasons for requesting a full and fair Evidentiary is because it's the only way to prove by the records that my allegations are true and require relief.

## In Ground One

Ineffective Assistance of Counsel for failing to inform me of the State's 8 year plea offer is cognizable and could not have been raised in my first writ. Question 15 on both writs state that I do have a pending Appeal in another Court. The Attorney Generals office and the Waco Division U.S. District Court Stated this Ground is not barred by the abuse of writ Doctrine and ~~~~ not successive. This ground ~~~~ was ordered back to the state Courts because it is valid and unexhausted. The State argues that I presented no evidence to suggest that in fact I was never told of the plea offer and that I only

have sworn allegations and conclusions that are not sufficient to prove my claims. Although that may be the case on PAST claims. That dont apply to Plea bargains.    It is clear that the state has tried to switch the burden of proof. I allege my attorney failed to notify me of the 8 year plea offer. My first burden is to prove that there was a plea bargain offer of 8 years by the state. I did so by and through my attorney's affidavit. Second the District Attorney agreed to the 8 years. Third, I stated that had I been notified of the state's 8 year offer I would have accepted it, and I am required to do that. These are not allegations, these are facts. If sworn statements of facts will not do, I asked for a evidentiary to put into the record by testimony of the above 3 facts.

The state claims I provided no proof they didn't make the offer to me. That is impossible to prove by the record. "I will never find records that say they did not notify me of the state's 8 year offer. That is frivolous and can not be proven. That's not my burden. I can't prove "and" rebutt my own claims and facts.    However, that rebuttal and burden is for the state's attorney to prove. All the state has to do is simply produce the record(s) showing I was offered the 8 years and that I refused. That is a burden that can be met and proven. As Federal Judge Walter Smith stated in his opinion (before ordering me back to the state court to exhaust this claim) neither the state Habeas court or the Texas Court of criminal Appeals has made any findings or stated as to whether or not the 8 years was ever communicated to me or not, because the state holds that burden and not me. Thank you

## In Ground Two

Forcing my wife by coercive threatening behavior could not be raised in my first writ because I did not possess that knowledge until she revealed it. I had no knowledge or control of that. The courts should allow Christina Ford to testify at a hearing and let her explain those events that took place instead of mine and the state's conclusions. The officer said she was not a suspect then why the threat of charges and force her

against her will to testify. They used her for probable cause and a conviction. Thank you. This ground is cognizable

## Ground Three

My attorney should not have compelled my wife to testify against me, that is not a strategy, that is a advocate for the state helping them secure a conviction. Again, this is something for Christina Ford to testify to and not me. Only she knows what took place in their meeting, I don't. Thank you. This ground is cognizable.

## Ground Four

The State claims that I wanted my lawyer to request a new trial. That is not my argument. Ineffective Assistance of Counsel for failing to file and obtain a ruling on a motion for a new trial is my argument. The motion for a new trial is the last and only chance to preserve error for review on appeal and anything else I was entitled to. He did not represent me effectively based on "Strickland" and "Cronic" standards. In the U.S. Supreme Court, The Texas Court Of Criminal Appeals, and other Texas appeals courts have ruled that when an attorney fails to file such a motion for a new trial which is a critical stage of the proceedings and any time a defendant is absent counsel during such a stage, the defendant is denied effective counsel guaranteed by the 6th Amendment and "mandates" a reversal. Thank you. A motion for a new trial is a critical stage of the proceedings and is a "Substantive Right". Substantive rights are not time barred so this ground is cognizable. I was deprived of preserving error for appeal and my trial was obviously unfair, so counsel filed nothing.

Even though this may possibly not be considered, I'm only doing the best I can to show diligence. All I know is on the Federal writ we are required and given 30 days to rebutt the State's argument. I'm just being on the safe side of diligence. Thank you

12-13-15  Sammie Ford
1619625
810 FM 2821
Wynne Unit
Huntsville, Tx 77349